1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DriveTime Sales and Finance Company LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Drivetime Incorporated, <br><br> Defendant. | No. CV-19-05391-PHX-JAT <br><br> **ORDER** |

Pending before the Court is the parties' stipulation for entry of a protective order. (Doc. 29). The parties allege that discovery "may" contain, "confidential data, proprietary or nonpublic commercial information, information involving privacy interests, and other commercially and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis." (Doc. 29 at 1). The parties therefore seek to mark confidential, "confidential, proprietary, technical, development, marketing, business and financial information." (Doc. 29-1 at 1).

The Court finds that the parties have failed to show good cause for the need for a protective order in this case. Specifically, global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the **burden of showing specific prejudice or harm will result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL

4225450, at *1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)). Thus, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

Here, the proposed protective order is both too broad and too generalized to meet the Ninth Circuit's test for when protective orders are appropriate. Additionally, the parties seek to mark confidential information "received on a confidential basis." This Court will not authorize the parties to breach confidential agreements with third parties. For the foregoing reasons,

**IT IS ORDERED** that the stipulation for entry of a protective order (Doc. 29) is denied, without prejudice.

Dated this 28th day of January, 2020.

James A. Teilborg
Senior United States District Judge

- 2 -