**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DriveTime Sales and Finance Company LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Drivetime Incorporated, <br><br> Defendant. | No. CV-19-05391-PHX-JAT <br><br> **ORDER** |

Pending before the Court is Defendant Drivetime Incorporated's ("Defendant") Motion to Dismiss (Doc. 17) the Fifth Cause of Action in Plaintiffs' Complaint (Doc. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). The Motion has been fully briefed. (Docs. 17, 22, 24). The Court now rules on the Motion.

**I.    BACKGROUND**

The following facts are either undisputed or recounted in the light most favorable to the non-moving party. *See Wyler Summit P'ship v. Turn Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Plaintiffs DriveTime Sales and Finance Company LLC and DriveTime Car Sales Company LLC (collectively, "Plaintiffs") provide sales and financing of used vehicles. (Doc. 1 at 2). Plaintiffs operate 138 vehicle dealerships in twenty-six states. (*Id.*). Plaintiffs' current annual sales volume is 130,000 cars per year, and they have sold over one million cars since founding. (*Id.*). Plaintiffs have registered several trademarks featuring the "DRIVETIME" name (collectively, "Marks") with the United States Patent

and Trademark Office ("USPTO"). (*Id.* at 6–7). Plaintiffs claim they spend $80 million per year on advertising and generate millions of impressions and leads. (*Id.* at 5). Plaintiffs feature the Marks in advertisements on various mediums, including print media, television, YouTube, LinkedIn, other web-based outlets, communications to its customers, Plaintiffs' website, and Plaintiffs' mobile application. (*Id.* at 4–5).

Defendant provides a mobile application titled "DRIVETIME" that allows drivers to play games while driving. (*Id.* at 8). Plaintiffs allege that Defendant markets and sells its products under the Marks in such a way as to deceive customers into thinking that its mobile application is associated with, sanctioned by, or sponsored by Plaintiffs. (*Id.* at 3–4).

Plaintiffs allegedly informed Defendant of its unauthorized uses of the Marks on November 11, 2018, and they requested Defendant cease and desist from any use of the marks. (*Id.* at 10). Plaintiffs then opposed Defendant's application with the USPTO to register a "DRIVETIME" mark. (*Id.*). Plaintiffs further claim, despite these actions, Defendant has continued marketing its mobile application in such a way to exploit and willfully infringe the Marks. (*Id.* at 11).

On October 11, 2019, Plaintiffs filed the Complaint (Doc. 1) alleging (1) trademark infringement under 15 U.S.C. § 1114(1); (2) false designation of origin, false advertising, and unfair competition under 15 U.S.C. § 1125(a); (3) cybersquatting under 15 U.S.C. § 1125(d); (4) Arizona common law unfair competition; and (5) dilution under 15 U.S.C. § 1125(c) and Ariz. Rev. Stat. Ann. § 44-1448.01. Defendant seeks dismissal of Count Five only. (Doc. 17).

## II.  LEGAL STANDARD

A defendant may move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal for failure to state a claim "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir.), *cert. denied*, 139 S. Ct. 640 (2018). To survive a motion to dismiss, the

plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* All facts are read in the light most favorable to the plaintiff. *See Wyler Summit P'ship*, 135 F.3d at 661.

### III. ANALYSIS

Plaintiffs allege that Defendant violated 15 U.S.C. § 1125(c) and Ariz. Rev. Stat. Ann. § 44-1448.01. (Doc. 1 at 17–18). To establish a claim of federal trademark dilution, a plaintiff must prove that: (1) its marks are famous and distinctive; (2) defendant is using the mark in commerce; (3) defendant's use began after plaintiff's marks became famous; and (4) defendant's "use of the mark[s] is likely to cause dilution by blurring or dilution by tarnishment." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008).

#### a. Fame

Defendant seeks dismissal of Plaintiffs' trademark dilution claim on the grounds that Plaintiffs have not sufficiently alleged that the Marks are famous. (Doc. 17 at 1). A trademark is famous for the purpose of a dilution claim "if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A).

Defendant contends that the trademark dilution claim must be dismissed because they "have not made any plausible allegations that the average consumer in the United States would consider DRIVETIME a 'household name.'" (*Id.* at 7–8). A mark is only famous when it is "widely recognized by the general consuming public of the United States," 15 U.S.C. § 1125(c)(2)(A), and thus, as Defendant correctly identifies, a mark must be "a household name." *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1011 (9th Cir. 2004) (citation omitted).

To determine whether a mark has received wide recognition by the general consuming public, or fame, such that the mark is a household name, the court considers all relevant factors, including: (1) "[t]he duration, extent, and geographic reach of advertising and publicity of the mark"; (2) "[t]he amount, volume, and geographic extent of sales of goods or services offered under the mark"; (3) "[t]he extent of actual recognition of the mark"; and (4) whether the mark has been registered. 15 U.S.C. § 1125(c)(2)(A)(i)–(iv); *accord* Ariz. Rev. Stat. Ann. § 44-1448.01(A)(1) to (8). Whether a mark is "famous" is a question of fact. *See Jada Toys, Inc.*, 518 F.3d at 635; *Impulsaria, LLC v. United Distrib. Grp., LLC*, No. 1:11-CV-1220, 2012 U.S. Dist. LEXIS 149862, at *20 (W.D. Mich. Oct. 18, 2012) ("The Court has grave doubts about Plaintiff's ability to succeed on its claim that its [product] is 'widely recognized by the general consuming public' or that it has more than 'niche' fame. On a Rule 12(b)(6) motion, however, the Court is not concerned with Plaintiff's likelihood of success. The Court is satisfied that Plaintiff has pleaded sufficient factual matter to state a dilution claim that is plausible on its face."). Thus, "[a]t the pleading stage, detailed factual allegations *proving* fame, including 'approximate figures' on the factors [] is not required." *Sugar Factory, LLC v. Glossy Pops, LLC*, No. 2:19-cv-01438 DDP (ROAx), 2019 U.S. Dist. LEXIS 113843, at *22 (C.D. Cal. July 8, 2019).

The Court considers each of the four non-exhaustive factors in turn.

### 1. Factor 1: Duration, Extent, and Geographic Reach of Advertising and Publicity

Defendant argues that Plaintiffs have not alleged any specific information regarding the geographic extent, type, duration of their advertising, or any notable publicity. (Doc. 17 at 6). Additionally, Defendant argues that Plaintiffs have failed to allege the Marks are publicized throughout the United States because Plaintiffs "only have dealerships in 26 states" and "do not advertise or have a presence in nearly half the country, or 24 states." (*Id.*). Thus, Defendant argues that Plaintiffs' advertising does not reach "the high level of national recognition required for fame." (*Id.*).

Section 1125(c) provides that the "duration, extent, and geographic reach of advertising and publicity" is relevant to evaluating whether the mark is famous. 15 U.S.C. § 1125(c)(2)(A)(i). In evaluating this factor, the court considers any factual allegations involving advertising and publicity. *See, e.g.*, *Hyundai Motor Am., Inc. v. Pinnacle Grp., LLC*, No. SACV 14-00576-CJC (JPRx), 2014 U.S. Dist. LEXIS 194241, at *6 (C.D. Cal. Dec. 4, 2014) (concluding that trade dilution claim was sufficiently pleaded where plaintiff "alleged that [their] marks are famous due to their continued and extensive use of the marks in advertising and marketing"); *Parts.com, LLC v. Yahoo! Inc.*, No. 13-CV-1078 JLS (JMA), 2014 U.S. Dist. LEXIS 79090, at *10–11 (S.D. Cal. June 9, 2014) (stating that trade dilution claim was sufficiently pleaded because plaintiff alleged "that the company and its mark were featured in a prominent trade publication and that the company has advertised nationwide to millions of television viewers").

Plaintiffs allege that they have "invested a substantial amount of time and money to create, market, and advertise [the] brand over" a twenty-year history. (Doc. 1 at 7). Specifically, Plaintiffs allege that they advertise their "services to hundreds of thousands of customers at an annual cost of more than $80 million, generating millions of impressions and leads." (*Id.* at 5). Plaintiffs further allege that the Marks are used in advertising efforts that include "print media, television, YouTube, LinkedIn, and other web-based outlets" as well as "through [Plaintiffs'] website, mobile application, and communications to customers." (*Id.* at 5–6). Plaintiffs also contend that the Marks "have become famous and well-known symbols for [Plaintiffs'] goods and services in the United States" as a result of their advertising efforts. (*Id.* at 17).

Consequently, Plaintiffs have alleged a number of facts to support the duration, extent, and geographic reach of its advertising and publicity. Plaintiffs have alleged that they spend over $80 million annually conducting a breadth of advertising activities, spanning a nearly twenty-year period in twenty-six states. (Doc. 1 at 4–7). Like in *Parts.com*, where the plaintiff sufficiently pleaded a trade dilution claim based on allegations that "the company and its mark were featured in a prominent trade publication

1 and that the company has advertised nationwide to millions of television viewers," 2014 U.S. Dist. LEXIS 79090, at *10–11, Plaintiffs have likewise alleged nationwide advertising efforts that have reached millions. (Doc. 1 at 4–7). And, the fact that Defendant claims that Plaintiffs "only have dealerships in 26 states" does not, on its own, preclude a finding of fame. *In-N-Out Burgers v. Smashburger IP Holder LLC*, No. 8:17-cv-1474-JLS-DFM, 2017 U.S. Dist. LEXIS 223105, at *8 (C.D. Cal. Dec. 21, 2017) ("[T]he factors enumerated in the statute for evaluating fame do not require sales in a designated number of states . . . ."). Accordingly, Plaintiffs have pleaded sufficient facts for this factor to support their claim that the Marks are famous.

### 2. Factor 2: Amount, Volume, and Geographic Extent of Sales

Defendant argues that "[c]ourts in this Circuit have regularly found that a substantially larger volume of sales or impressions still fail to meet the extremely high threshold for fame." (Doc. 17 at 6). But, at this stage of litigation, Plaintiffs must only plead facts that *could* support their claim that the Marks are famous, *not* prove it. *WEC Holdings, LLC*, 2008 U.S. Dist. LEXIS 13841, at *14.

Plaintiffs allege sales of "over 130,000 cars every year from [Plaintiffs'] 138 DriveTime dealerships in 26 states" and that it "has sold more than 1 million cars since its founding." (Doc. 1 at 2). These factual allegations are sufficient at this stage. *See Sugar Factory, LLC*, 2019 U.S. Dist. LEXIS 113843, at *21 ("While Plaintiff does not approximate how many [of its product] it has sold throughout the years, such specificity is not required at the pleading stage."); *Craters & Freighters v. Daisychain Enters.*, No. C-09-04531 CW (JCS), 2010 U.S. Dist. LEXIS 154932, at *17 (N.D. Cal. Mar. 3, 2010) (concluding that plaintiff's claim that it operated sixty-seven franchises throughout the United States and transported 2,400 packages at any given time was sufficient for it to establish that this factor favored finding that its mark was famous). Consequently, Plaintiffs have pleaded sufficient factual allegations for this factor to favor a finding that the Marks are famous.

### 3. Factor 3: Extent of Actual Recognition

Defendant argues that Plaintiffs do not plead any facts demonstrating that the Marks have received actual recognition. (Doc. 17 at 7–8). Plaintiffs allege that they have used the Marks in connection with extensive, nationwide advertising efforts generating millions of impressions and over one million car sales since 2002. (Doc. 1 at 2, 4). As a result of these efforts, Plaintiffs claim that the Marks have "become famous and well-known symbols for [Plaintiffs'] goods and services in the United States and Arizona." (*Id.* at 17).

In short, Plaintiffs have alleged facts consistent with actual recognition. *Parts.com*, 2014 U.S. Dist. LEXIS 79090, at *12 (concluding that allegations that "millions of people have viewed [plaintiff's] mark in connection with its various advertising efforts" was sufficient to "at least create a 'facial plausibility' that the general public actually recognizes its mark"). Assuming the truth of Plaintiffs' allegations, as the Court must, it is at least plausible that there is actual recognition amongst the general public of Plaintiffs' Marks. Consequently, Plaintiffs have alleged facts that support a finding that the Marks are famous under this factor.

### 4. Factor 4: Registration of the Mark

Plaintiffs' mark is federally registered, and thus, based on the allegations in the Complaint, this factor weighs in favor of a finding of fame. (Doc. 1 at 6–7).

### 5. Conclusion

Overall, Plaintiffs have sufficiently pleaded facts to allege that the Marks are famous for purposes of their trade dilution claim under both 15 U.S.C. § 1125(c) and Ariz. Rev. Stat. Ann. § 44-1448.01.[1]

---

[1] The Court notes that a trademark dilution claim under Ariz. Rev. Stat. Ann. § 44-1448.01 is "basically identical" to a federal trademark dilution claim under 15 U.S.C. § 1125(c). *Moab Indus., LLC v. FCA US, LLC*, No. 3:12-cv-8247-HRH, 2016 U.S. Dist. LEXIS 139816, at *25 (D. Ariz. Oct. 6, 2016). *Compare* 15 U.S.C. § 1125(c) ("[T]he owner of a famous mark . . . shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark . . . ."), *with* Ariz. Rev. Stat. Ann. § 44-1448.01 ("The owner of a mark that is famous in this state shall be entitled . . . to an injunction against another person's commercial use of a mark or trade name, if the use begins after the mark has become famous and causes dilution of the distinctive quality of the mark . . . ."). Moreover, both the federal trademark dilution statute and the Arizona trademark dilution statute provide a

### b. Dilution

Defendant seeks to dismiss Plaintiffs' trademark dilution claim on the grounds that Plaintiffs have failed to state whether Defendant's alleged use of the Marks is likely to dilute by blurring or by tarnishment. (Doc. 17 at 8). However, a plaintiff may "set forth 2 or more statements of a claim or defense alternately or hypothetically" and "state as many separate claims or defenses as [the party] has, regardless of consistency." Fed. R. Civ. P. 8(d)(2)–(3). Moreover, Plaintiffs need not apprise Defendant of the exact nature of the alleged dilution at this stage of litigation. *See Tony Duquette v. Michael Kors (U.S.)*, No. 2:09-cv-00594-FMC-RCx, 2009 U.S. Dist. LEXIS 138475, at *11–12 (C.D. Cal. Apr. 16, 2009). Indeed, a plaintiff can prevail on a 15 U.S.C. § 1125(c) claim by showing dilution by blurring *or* tarnishment. *See Jada Toys, Inc.*, 518 F.3d at 634.

Defendant did not argue that Plaintiffs have not properly pleaded dilution. Rather, Defendant's argument is that dismissal is justified when a plaintiff has not chosen between multiple theories of relief. But, as noted, this argument is inconsistent with Rule 8.

If Defendant wants clarity on which theory Plaintiffs will pursue, Defendant can propound a contention interrogatory on this issue. If Defendant believes Plaintiffs cannot prove either theory, it can file an appropriate summary judgment motion on either theory or both theories. But, at this point, Plaintiffs need not choose a theory of dilution; and, so long as Plaintiffs have articulated facts to support either theory, a motion to dismiss the trademark dilution claim cannot prevail. *See* Fed. R. Civ. P. 8(d)(2)–(3); *Jada Toys, Inc.*, 518 F.3d at 634.

---

nearly identical list of non-exhaustive factors used to determine whether a mark is famous. *Compare* 15 U.S.C. § 1125(c)(2)(A)(i)–(iv), *with* Ariz. Rev. Stat. Ann. § 44-1448.01(A)(1) to (8). Therefore, Plaintiffs have also stated a claim for trademark dilution under Arizona law.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Motion to Dismiss (Doc. 17) Count Five of the Complaint (Doc. 1) is **DENIED**.

Dated this 11th day of February, 2020.

James A. Teilborg
Senior United States District Judge